SIEGWALD *v.* CURRY, REGISTRAR, BUREAU OF MOTOR VEHICLES.

(No. 366899—Decided November 12, 1973.)

Franklin County Municipal Court.

*Mr. Paul Scott*, for plaintiff.
*Mr. John Morrison*, for defendant.

CLIFFORD, J.  The petitioner, Roberta Siegwald, was arrested June 6, 1973 for operating a motor vehicle while under the influence of alcohol.  The petitioner was asked by the arresting officer to take a chemical test for the determination of alcohol in the petitioner's blood in accordance with Section 4511.191 of the Ohio Revised Code.

The petitioner requested that she be permitted to call her attorney.  The petitioner was not permitted to call her attorney.  She did not take one of the three tests as set forth in R. C. 4511.191.  The arresting officer certified to the Ohio Bureau of Motor Vehicles that the petitioner refused to submit to any chemical test when requested to do so after being advised of the consequences of her refusal.

The petitioner after being informed that her license had been suspended in accordance with R. C. 4511.191 by the Bureau of Motor Vehicles, filed an appeal with this court.

*State* v. *Starnes* (1970), 21 Ohio St. 2d 38, and *Osborne* v. *Bureau of Motor Vehicles*, No. 9633, Franklin County Court of Appeals, refer to R. C. 4511.191(F) as civil in nature. We agree. This section of the code relates to an appeal from an administrative act of the Registrar of Motor Vehicles. But, in this case, the issue in question is: Where one has an absolute right to counsel by state statute must he be deprived of that right in order to comply with a civil or administrative procedure of the law? We think not.

An "implied consent" appeal is a civil procedure, but the events relating to the petitioner's arrest for operating a motor vehicle while under the influence of alcohol and the disregard for her request to call her attorney, in violation of state law, are criminal in nature and repugnant to modern criminal procedures.

In *Narten* v. *Curry* (1972), 33 Ohio Misc. 94, the court pointed out that in *Powell* v. *Alabama* (1932), 287 U. S. 45, 69, the United States Supreme Court held that a person charged with a crime, "requires the guiding hand of counsel at every step in the proceedings against him."

Also, the court pointed out:

"* * * the recent decision of * * * *Argersinger* v. *Hamlin*, 92 Sup. Ct. Rep. 2006, wherein the court held that an indigent defendant had the right of counsel furnished to him in any case in which the penalty included imprisonment. It is unnecessary to belabor the point that, certainly, one who can afford counsel is not to be denied that right."

In the case of *Dayton* v. *Nugent* (1970), 25 Ohio Misc. 31, 38, the court stated that:

"Revised Code 2935.20, which is analogous to and therefore must be read together with Revised Code 2935.14 reads, in pertinent part, as follows:

" 'After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted *forthwith* facilities to communicate with an attorney at law of his choice * * *.' "

The court also stated that:

"* * * An arrested individual must be *forthwith* granted facilities to communicate with an attorney. Forthwith means, by definition, immediately." *Id.* at page 38.

"* * * Certainly, the Ohio Legislature in passing 'the implied consent law' did not mean to do away with the constitutional right to counsel." *Id.* at page 40.

In conclusion, it is the ruling of this court that where a short and reasonable delay is occasioned in the taking of a test for intoxication on the ground that the person charged with operating a motor vehicle while under the influence of alcohol desires to call his or her attorney, such request followed by a denial by the arresting officer to let the accused use the telephone, does not constitute a refusal under Section 4511.191(F) of the Ohio Revised Code. To hold otherwise, would deprive the petitioner of her right to counsel as guaranteed by Section 2935.20 of the Ohio Revised Code and the Sixth Amendment to the Constitution of the United States.

The petitioner has shown error in the action taken by the Registrar, petition is granted and no suspension shall be imposed, costs to Franklin County.