LAWTON, APPELLANT, *v*. BUREAU OF MOTOR VEHICLES,
APPELLEE.

[Cite as Lawton v. Bur. of Motor Vehicles (1978),
57 Ohio App. 2d 159.]

(No. 78AP-72—Decided May 9, 1978.)

Mr. *J. Elliott Van Dyne,* for appellant.

Mr. *Gregory Lashutka,* city attorney, and Mr. *Patrick
M. McGrath,* and for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiff from a
judgment of the Franklin County Municipal Court dismissing plaintiff's complaint and finding no error on the part
of the Bureau of Motor Vehicles.

Plaintiff brings one assignment of error:

"The trial court committed reversible error in sustaining the suspension of plaintiff-appellant's' driving privileges in finding that plaintiff-appellant was properly construed by the police agency to have refused to take the required chemical alcohol test where plaintiff-appellant requested to contact an attorney before submitting to such test as required by Section 4511.19.1 of the Ohio Revised Code, was initially unable to reach counsel, and was provided no further communication facilities after only an elapsed period of thirty-five minutes from the time of the initial arrest and an elapsed period of twenty-three minutes from first having read the implied consent form, thereby violating his Sixth and Fourteenth Amendment rights as assured by the United States Constitution and his statutory rights to communicate wih counsel as guaranteed by Section 2935.20 of the Ohio Revised Code."

A hearing was held by a referee appointed by the trial court who found:

"*Statement of Fact*

"It was stipulated by and between counsel that:

"(1) The arresting officer had reasonable ground to believe that the person had been driving a motor vehicle on the public highways of this state while under the influence of alcohol; and

"(2) The person was placed under arrest.

"The plaintiff testified that: when he was arrested and taken to the Police Station he requested permission to call his attorney for advice as to the taking of a breathalyzer test and did call his attorney about 1:12 A. M. without success; when asked again to take the test he again said he was not refusing but wanted to talk to his attorney, having been shown and read the implied consent form prior to the request to take the test; when he made the second request to call his attorney, who is his attorney of record in this case, the officer replied: 'Absolutely, of course you may,' and he again tried without success to reach his attorney, this being 1:20 A. M., although he did make several other calls, reaching his ex-wife who refused to assist or call his attorney; Officer Franklin again read the im-

plied consent form to him, asking him again to take the test and he said 'I do not want to be non-cooperative, but I do want to talk to my attorney before taking the test,' and he was again permitted to use the telephone at 1:35 A. M. without success; he was again asked to take the test repeating that he wanted to talk to his attorney before taking the test, was put in a cell and thought he was not allowed to make anymore telephone calls, still wanting to talk to his attorney.

"Upper Arlington Police Officer Franklin testified that: after permitting the plaintiff to make his first set of telephone calls at 1:12 A. M., the plaintiff was shown and read the implied consent form in the presence of Officer Zerbe; the plaintiff asked what the bond would be and was told $303.00; he was within 5 to 15 feet from the plaintiff when he made his second set of phone calls speaking to someone on the telephone but stating he could not reach his attorney; at about 1:25 A. M., the plaintiff was again asked to take the breathalyzer test and again stated he was not refusing but still was seeking advice of his attorney and was given another opportunity to make telephone calls at 1:35 A. M., and was again asked to take the test which he refused to do and Officer Franklin left to go back on duty; he did not believe the plaintiff was 'stalling' and believed that the refusal was made because he had not talked to his attorney, but he considered the plaintiff's comments as a refusal.

"Officer Zerbe confirmed that he was present witnessing the showing and reading of the implied consent and the refusal to take the breathalyzer test.

"*Conclusion of Law*

"Based upon the evidence, testimony and credibility of the witnesses, the referee finds that the plaintiff was given sufficient and reasonable opportunity to make his own decision upon not being able to reach his attorney and that he has failed to prove the allegations set forth in his complaint by a preponderance of the evidence.

"*Referee Recommends*:

"Complaint be dismissed. No error on the Bureau of

Motor Vehicles. Costs to petitioner. *Siegwald* v. *Curry,* 73AP-457 and *Hoban* v. *Rice,* 25 Ohio St. 2d 111, followed.''

No transcript of proceedings was filed as part of the record.

An examination of the report of the referee discloses that although there is an excellent statement of fact made by the referee, the referee makes no findings of fact; in particular, the referee never made a finding of fact as to whether plaintiff made a refusal of the breathalyzer test.

The police officer certainly extended to plaintiff ample courtesies in allowing plaintiff the use of the telephone at the police station; however, the officer should have informed plaintiff at the time of the last request to take the test that no further use of the telephone would be allowed and that it was necessary for the plaintiff to make a decision whether to take the test or refuse without the advice of his attorney. Because of the failure of the referee to reach a finding as to whether there has been a refusal of the plaintiff to take the breathalyzer test, plaintiff's single assignment of error is sustained. In *Siegwald* v. *Curry* (1974), 40 Ohio App. 2d 313, this court held that whether a request to consult an attorney is made in good faith and whether the exercise of the right will unreasonably delay administering a chemical test are factual issues to be determined from the facts and circumstances involved. The judgment is reversed and the cause is remanded to the trial court for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.