[Cite as *Fairley v. Cuyahoga Cty. Prosecutor*, 2020-Ohio-1426.]

| | |
|---|---|
| JULIETTE FAIRLEY | Case No. 2019-00955PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| CUYAHOGA COUNTY PROSECUTOR | |
| Respondent | |

{¶1} Respondent Cuyahoga County Prosecutor (Prosecutor) objects to a special master's report and recommendation of February 21, 2020.

## I. Background

{¶2} On September 13, 2019, pursuant to R.C. 2743.75(D), requester Juliette Fairley (a self-represented litigant) sued the Prosecutor, claiming that the Prosecutor denied her access to public records. Fairley appended several exhibits to the complaint, including a letter to the Prosecutor (dated August 1, 2019) wherein she states:

> I am a columnist for Newsmax and other media outlets. Please advise
> me as to the on-site facilities that are available that would allow me to
> review in person and request copies of court records in reference to the
> State of Ohio v Jaley Presutto Seghafi (CR-15-592641-A). Thank you.

{¶3} The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. Pursuant to Civ.R. 12(B)(6), the Prosecutor moved to dismiss Fairley's complaint for failure to state a claim. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the special master's docket. The Prosecutor again moved to dismiss Fairley's action, relying on Civ.R. 12(B)(1) as well as Civ.R.12(B)(6).

{¶4} On February 21, 2020, the special master issued a report and recommendation (R&R) wherein he recommended (1) denying the Prosecutor's motion to dismiss, (2) issuing an order compelling the Prosecutor to disclose five pages of withheld records and the redacted portion of a "DOB" (date of birth), but allowing the Prosecutor to "retain the truncation of the social security number on p.001" of documents appended to an affidavit, (3) finding that the Prosecutor failed to make any of the requested records available promptly, (4) issuing an order providing that Fairley is entitled to recover from the Prosecutor the amount of the filing fee of twenty-five dollars and any other costs associated with the action that Fairley incurred, and (5) assessing costs to the Prosecutor. (R&R, 18.)

{¶5} On February 26, 2020—two days after the Prosecutor received a copy of the R&R—the Prosecutor filed written objections to the R&R. The Prosecutor's counsel represents that he served a copy of the objections on Fairley by certified mail, return receipt requested. On March 2, 2020—three business days after the Prosecutor filed his objections—Fairley filed a written response to the objections wherein she asks the court to "affirm" the R&R. Fairley represents that she served a copy of her response on the Prosecutor's counsel by email.[1]

## II. Law and Analysis

### A. R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.

Pursuant to R.C. 2743.75(F)(2),

[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by

---

[1] R.C. 2743.75(F)(2) does not permit a party to serve a copy of a response to objections by email. *See* R.C. 2743.75(F)(2) (requiring a party to send a copy of a response to an objecting party by certified mail, return receipt requested). Fairley's response therefore fails to comport with R.C. 2743.75(F)(2)'s procedural requirements. In the interest of justice, however, the court accepts Fairley's response. *But see State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5 (stating that "pro se litigants * * * must follow the same procedures as litigants represented by counsel").

certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. * * *  If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

**B. The Prosecutor presents six objections for the court's consideration.**

{¶6} The Prosecutor "objects to the R&R because Fairley's 'letter' [of August 1, 2019]: (1) was not a public records request; (2) if it was, it was overbroad; * * * (3) it was ambiguous; (4) it plainly sought information, not documents; (5) it plainly sought 'court records' and the sole vehicle for such requests falls under the Rules of Superintendence; (6) in any event, Fairley is not entitled to costs."  (Objections, 2.)

The Prosecutor presents the following objections:

1. **Objection 1: "The Special Master made an error of law by directing the Cuyahoga County Prosecutor produce 'court records' the majority of which (1) are publicly available on the Cuyahoga County Clerk of Court's website and (2) are only properly requested via the Rules of Superintendence."**

2. **Objection 2: "The Special Master made an error of law by finding *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, \_\_\_\_ Ohio St.3d \_\_\_, Slip Opinion No. 2019-Ohio-5157 'is limited to the facts of that case.' R&R, p. 10."**

3. **Objection 3: "Fairley lacks standing to sue because her initial "letter requesting access to records" is not a public records request to CCPO [Cuyahoga County Prosecutor's Office].  See Compl., p. 1 (a) and (b)."**

4. **Objection 4**: "The Special Master made an error of law by directing the Cuyahoga County Prosecutor to produce records that Fairley never requested, but that the Special Master ordered CCPO to provide the Court of Claims in order to adjudicate Fairley's lawsuit."

5. **Objection 5**: "The Special Master made an error of law by finding '[t]he claim for production as it relates to the 68 pages now disclosed is thus moot.' R&R, p. 4."

6. **Objection 6**: "The Special Master made an error of law by finding 'Fairley has met her burden to show that her public records request reasonably identified the records sought, and was not ambiguous or overly broad.'"

For ease of analysis, the court will consider the objections together and in a different order than the order set forth by the Prosecutor.

**Third and Sixth Objections**:

{¶7} The third objection asserts that Fairley's request of August 1, 2019, is not a public-records request and, consequently, Fairley lacks standing. The sixth objection maintains that the special master erred, as a matter of law, by concluding that Fairley satisfied her burden to show that her public-records request was not ambiguous or overbroad.

{¶8} The Prosecutor contends Fairley's letter does not constitute a proper public-records request. And, assuming for the sake of argument that Fairley's letter is a proper public-records request, the Prosecutor contends Farley's letter is ambiguous and overbroad.

{¶9} Generally, perfection in public-records requests is not required. *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 37. The Prosecutor's contentions are similar to an argument presented in *State ex rel. Consumer News Servs. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-

Ohio-5311, 776 N.E.2d 82, ¶ 36 (respondents "assert that they had no duty to promptly prepare records for inspection because [the requester] failed to present any evidence that it ever requested to inspect the resumes or that anyone from [the requester] ever arrived at respondents' offices to inspect them").  The Ohio Supreme Court rejected the argument, stating: "But respondents ignore [the requester's] January 21 facsimile, in which she specifically requested that respondents either send copies of the requested records by facsimile, deliver the copies to respondents in person, *or inform when she could come to respondents' offices to inspect the records*."  (Emphasis sic.)  Notably, in *State ex rel. Consumer News Service*, the Ohio Supreme Court instructed:

> To the extent that [the requester] requested inspection of the records, respondents had a duty under R.C. 149.43(B)(1) to "promptly" prepare the records and make them available for inspection. Although the word "promptly" is not defined by applicable statute, its customary meaning is " 'without delay and with reasonable speed' "and this meaning " 'depends largely on the facts in each case.' "*Wadd*, 81 Ohio St.3d at 53, 689 N.E.2d 25, quoting Black's Law Dictionary (6th Ed.1990) 1214. Moreover, insofar as [the requester] requested copies of the records, respondents had a duty to provide the copies within a reasonable period of time. R.C. 149.43(B)(1); cf., e.g.*, Siegwald v. Curry* (1974), 40 Ohio App.2d 313, 318, 69 Ohio Op. 2d 293, 319 N.E.2d 381, quoting *Atwell v. State* (1973), 35 Ohio App.2d 221, 230, 64 Ohio Op. 2d 342, 301 N.E.2d 709, for the proposition that what is a " 'reasonable period of time' " to determine whether to take or refuse a chemical test in a DWI case will depend on " 'all the facts and circumstances in each case.' "

*State ex rel. Consumer News Servs.* at ¶ 37.

{¶10} The court finds that the Prosecutor's third and sixth objections are not well-taken.

**First and Second Objections:**

{¶11} The first objection asserts that the special master erred, as a matter of law, by directing the Prosecutor to produce "court records," which, according to the Prosecutor, are publicly available on the Cuyahoga County Clerk of Court's website, and are properly requested by the Ohio Rules of Superintendence. The second objection asserts that the special master erred, as a matter of law, when he stated in the R&R that the "holding in [*State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, Slip Opinion No. 2019-Ohio-5157] is limited to the facts of that case."

{¶12} Effective July 1, 2009, the Ohio Supreme Court adopted Rules of Superintendence for the Courts of Ohio regarding public access to court records. *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 13. In *Parisi*, the Ohio Supreme Court does not appear to have expressly limited *Parisi* to the facts of that case and stated that "[g]enerally, if the records requested are held by or were created for the judicial branch, then the party seeking to obtain the records must submit a request pursuant to Sup.R. 44 through 47." *Parisi* at ¶ 21.

{¶13} *Parisi* is, however, factually distinguishable from this case. Parisi sought records from the Dayton Bar Association related to her two attorney-discipline cases. The Ohio Supreme Court noted that a certified grievance committee of a bar association (which "function[s] somewhat independently" from the Ohio Supreme Court) prepares and creates attorney-discipline cases for consideration by the Ohio Supreme Court. *Parisi* at ¶ 25-26. Here, however, Fairley sought court records from a prosecuting attorney, which is an independently elected public official, *see* R.C. 309.01, and whose powers and duties generally do not require the preparation and creation of attorney-discipline cases for review by the Ohio Supreme Court. *See* R.C. 309.08. Moreover, as noted by the Ohio Supreme Court, "not every record contained within a prosecutor's file is exempt. * * * Certain records are unquestionably nonexempt and do not become exempt simply because they are placed in a prosecutor's file." *State ex rel. WLWT-TV5 v. Leis*, 77 Ohio St.3d 357, 361, 673 N.E.2d 1365 (1997), overruled in part on other grounds, *State ex rel. Caster v. City of Columbus*, 151 Ohio St.3d 425, 437, 2016-Ohio-

8394, 89 N.E.3d 598.  For example, in *Leis* the Ohio Supreme Court determined that an indictment was a nonexempt record.  *Leis* at 361.

{¶14} The court finds that the Prosecutor's first and second objections are not well-taken.

**Fourth and Fifth Objections:**

{¶15} The fourth objection asserts that the special master erred, as a matter of law, by directing the Prosecutor to produce records that Fairley never requested, "but that the Special Master ordered [the Prosecutor] to provide the Court of Claims in order to adjudicate Fairley's lawsuit."  The fifth objection asserts that the special master erred, as a matter of law, by finding "'[t]he claim for production as it relates to the 68 pages now disclosed is thus moot.'  R&R, p. 4."

{¶16} Within the fourth and fifth objections the Prosecutor reiterates contentions that Fairley's initial request was not a valid public-records request.  In the fifth objection the Prosecutor suggests that, because Fairley's initial request was not a proper public-records request, then the special master improperly ordered the Prosecutor to provide certain documents. The court already has determined that Fairley's initial request of August 1, 2019 was a proper public-records request. Pursuant to R.C. 2743.75(E)(3)(c), a special master "may require either or both of the parties to submit additional information or documentation supported by affidavits" before a special master submits a R&R.  Moreover, producing requested records, as the Prosecutor appears to have done in this case, generally moots a public-records case.  *See State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 148 Ohio St.3d 433, 2016-Ohio-7987, 71 N.E.3d 258, ¶ 29; *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43.

{¶17} The court finds that the Prosecutor's fourth and fifth objections are not well-taken.

II. **Conclusion**

{¶18} Having concluded that the Prosecutor's objections of February 26, 2020, are not well-taken, the court OVERRULES the objections. The court adopts the special master's R&R of February 21, 2020. Judgment is rendered in favor of Fairley. The court ORDERS the Prosecutor to forthwith permit Fairley to inspect or receive copies of (1) the five pages of withheld records that the special master identified in the R&R (Gutkoski Aff. p. 027-029, 033-034) and (2) the redacted portion of DOB p. 001 of the documents appended to an affidavit of Brian R. Gutkoski (which is dated December 6, 2019) but, in accordance with the special master's recommendation, the Prosecutor may "retain the truncation of the social security number on p.001." Fairley is entitled to recover from the Prosecutor the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by her, but Fairley is not entitled to recover attorney fees. *See* R.C. 2743.75(F)(3)(a) and (b). Court costs are assessed against the Prosecutor. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


PATRICK M. MCGRATH
Judge


**Filed March 12, 2020**
**Sent to S.C. Reporter 4/10/20**