JAMES C. PRESTON, APPELLANT, v. L. C. JOHNS, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

180 N. W. 2d 135

Filed October 9, 1970. No. 37513.

Paul E. Galter, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from the district court for Lancaster County affirming an order of the Director of the Department of Motor Vehicles revoking the driver's license and operating privileges of James C. Preston pursuant to the implied consent law of this state.

On July 26, 1969, about 11:40 p.m., Preston was driving his pickup truck east on M Street in Lincoln. He made a right turn onto 16th Street and struck the right rear of a parked vehicle on the east side of the street in so doing. Upon arrival of the police, he advised them that he had been drinking but stated that the collision was the result of a defective steering mechanism on his truck. Preston was arrested for driving a motor vehicle on a public street while intoxicated.

A police officer testified that Preston's speech was slurred and that he engaged in an "over-pronunciation of his words." His eyes were bloodshot and watered badly. His walk was slightly staggered and he appeared unsure of his balance. There was a strong odor of alcohol on his person. He was given some of the usual tests to determine if he was intoxicated. He passed some and failed others. Preston contended that he had drunk but three beers, that he passed all tests, and that he was not intoxicated.

The police gave Preston the Miranda warnings and read him the implied consent law. They requested him to submit to one of the tests provided for in the implied consent law. He agreed to take one of the tests if, and only if, he would be permitted to go home after taking it. The police refused to agree to this.

But two issues are raised in the instant case: (1) The evidence is insufficient to show that the police had reasonable grounds for arresting Preston for operating a motor vehicle while under the influence of intoxicating liquor, and (2) the evidence at the hearing failed to show that Preston refused to submit to a test to determine the alcoholic content of his body fluids.

The evidence of the State's witness as to the condition and appearance of Preston at the time of his arrest was sufficient to warrant his arrest for driving a motor vehicle while under the influence of intoxicating liquor. Preston seems to contend that the witness must summarize the evidence and give his opinion that Preston was driving a motor vehicle while intoxicated. Where the facts are simple and not subject to explanation by expert opinion, such a conclusionary statement is not required; the trier of facts may draw the conclusion from the facts stated. Reasonable grounds clearly existed for the making of the arrest.

On the second issue, it is plain from the record that Preston agreed to take the alcoholic test under the implied consent statute only if he was permitted to go home immediately thereafter. The implied consent law does not sanction a qualified or conditional consent. Such a consent is in fact a refusal to take the test provided by the implied consent law. Finocchairo v. Kelly, 11 N. Y. 2d 58, 226 N. Y. Supp. 2d 403, 181 N. E. 2d 427, cert. denied 370 U. S. 912, 82 S. Ct. 1259, 8 L. Ed. 2d 405; Ent v. State of California, 265 Cal. App. 2d 936, 71 Cal. Rptr. 726; Blow v. Commissioner of Motor Vehicles, 83 S. D. 628, 164 N. W. 2d 351; Beare v. Smith, 82 S. D. 20, 140 N. W. 2d 603.

We find no error in the record and the judgment of the district court is affirmed.

AFFIRMED.