DENNIS RUSHO, APPELLANT, v. LAWRENCE C. JOHNS, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

181 N. W. 2d 448

Filed November 20, 1970. No. 37583.

Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from the district court for Lancaster County affirming an order of the Director of the Department of Motor Vehicles revoking the driver's license and operating privileges of Dennis Rusho pursuant to the implied consent law of this state.

On February 24, 1969, about 2:50 a.m., Rusho was driving his automobile east on O Street in Lincoln. He was stopped by officer Miller of the Lincoln police force. Officer Miller testified he smelled the odor of liquor on the plaintiff, that his speech was slurred, and that he staggered when he walked. In the opinion of the officer, plaintiff was intoxicated. The issue on this appeal is whether or not Rusho's refusal to consent to a test of alcoholic content of body fluids under the implied consent law was reasonable.

The record shows that the arresting officer took Rusho to the police station and there requested that he submit to a urine or blood test which was refused. Plaintiff admitted that he refused to submit to a test until he

could first consult with a lawyer. The officer having plaintiff in custody refused plaintiff's request for a lawyer prior to his submitting to the requested test.

On the foregoing issue, it is plain from the record that Rusho refused to take the alcoholic test under the implied consent law until he had talked to his lawyer. This is not a reasonable ground for refusing to take the test. A conditional or qualified refusal to take a test to determine the alcoholic content of body fluids under the implied consent law is not sanctioned by the act and such refusal is a refusal to submit to the test within the meaning of the act. Preston v. Johns, *ante* p. 14, 180 N. W. 2d 135.

A licensed driver's request for counsel when requested to submit to a chemical analysis to determine intoxication cannot be considered a basis for a holding that the driver did not in fact refuse to submit to the test. Blow v. Commissioner of Motor Vehicles, 83 S. D. 628, 164 N. W. 2d 351; Westmoreland v. Chapman, 268 Cal. App. 2d 1, 74 Cal. Rptr. 363; Ent v. State, 265 Cal. App. 2d 936, 71 Cal. Rptr. 726. The revocation of a motorist's license to operate a motor vehicle for his refusal to take a blood test after being arrested for driving while intoxicated, when officers refused to allow motorist to telephone his attorney, did not deprive the motorist of any constitutional rights. Finocchairo v. Kelly, 11 N. Y. 2d 58, 226 N. Y. Supp. 2d 403, 181 N. E. 2d 427, cert. den, 370 U. S. 912, 82 S. Ct. 1259, 8 L. Ed. 2d 405; Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908.

Under the record and the authorities cited the refusal of the plaintiff to consent to the taking of an alcoholic test under the implied consent law until he consulted his lawyer was not reasonable, the revocation of plaintiff's license to operate a motor vehicle for failure to take the test was supported by the evidence and the law, and no constitutional right of the plaintiff was violated

in revoking plaintiff's license to operate a motor vehicle. The judgment of the district court is affirmed.

AFFIRMED.