VIRGIL H. METSCHKE, APPELLEE, V. DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA ET AL., APPELLANTS.

181 N. W. 2d 843

Filed December 11, 1970. No. 37603.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellants.

Lyle B. Gill, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from the district court for Dodge County reversing an order of the Director of the Department of Motor Vehicles revoking the driver's license and operating privileges of Virgil H. Metschke pursuant to the implied consent law of this state.

On October 9, 1966, Metschke drove to his home in Fremont where he found two police cars parked in front of his residence. One police officer asked if he had been drinking and he replied that he had a few beers. He drove his car into his driveway. He was asked to go down to the police station to which he replied, " 'no, because my home is my castle and I am going to bed.' " A handcuff was attached to one wrist after which a scuffle ensued. He was brought under control and taken to the police station. He was requested to take a blood test which he refused until he could consult his lawyer. His lawyer appeared some 10 or 15 minutes later but the blood test was not again mentioned.

The record of Metschke's refusal to take one of the tests required by the implied consent law was certified to the Director of the Department of Motor Vehicles. Notice was given and a hearing held before the Director in the Capitol Building in Lincoln, Nebraska. After hearing the evidence, the driver's license of Metschke was suspended for 1 year as the law requires after finding that he refused to take the test after his arrest under the provisions of the implied consent law. Metschke appealed to the district court.

On the trial in the district court, Metschke testified in his own behalf and rested his case. The State moved to dismiss the appeal on the ground that Metschke had not shown that his refusal to take the test was reasonable. The motion was overruled and the State thereupon rested its case. The court then entered judgment for Metschke.

The evidence shows that Metschke was arrested for driving his automobile while under the influence of intoxicating liquor and taken to the police station. It is undisputed that Metschke refused to take the test until he could talk to his lawyer. This is a refusal to take the test within the meaning of the implied consent law. Preston v. Johns, *ante* p. 14, 180 N. W. 2d 135; Rusho v. Johns, *ante* p. 131, 181 N. W. 2d 448.

The only remaining issue is whether or not there was a reasonable cause for the arrest which is necessary for a valid request for a test and the consequences that follow in case of a refusal. It is provided in part by section 39-727.03, R. R. S. 1943, as follows: "The test shall be administered at the direction of a law enforcement officer whenever the person has been arrested for any offense (1) involving operating a motor vehicle under the influence of alcoholic liquor in violation of a statute or a city or village ordinance when the arresting officer has reasonable grounds to believe that before his arrest the person was driving while under the influence of alcoholic liquor, * * *." Unless it be shown that such reasonable grounds existed, the request for a test is not authorized and the refusal to take the test is reasonable. In this case, there is no evidence that reasonable grounds for the arrest existed for driving a motor vehicle while under the influence of alcoholic liquor. The establishment of such reasonable grounds for the arrest is a condition precedent to a valid request for a body fluid test under the implied consent law. If the validity of the request for a test is not established, a refusal to give the test is reasonable, and fatal to the revo-

cation of a driver's license by the Director of the Department of Motor Vehicles as provided by section 39-727.09, R. R. S. 1943.

The State assigns as error the failure of the trial court to grant its oral motion for a continuance at the close of plaintiff's evidence. The motion was: "I would like to request a continuance in order to secure the attendance of the officers." No showing was made as to the evidence to be given by the absent witnesses, its materiality, the diligence employed in producing the witnesses, the availability of other witnesses to supply the necessary evidence, or other matters pertinent in support of the motion. In the absence of a showing in conformance with section 25-1148, R. R. S. 1943, it is not error for the trial court to refuse to grant a continuance. The grant of a continuance is within the sound discretion of the trial court and its order granting or denying a continuance will not ordinarily be disturbed in the absence of an abuse of such discretion. O'Rourke v. State, 166 Neb. 866, 90 N. W. 2d 820.

The State contends that the trial court was in error in overruling its motion for a new trial. An affidavit of the trial attorney for the State was attached to the motion for a new trial in which the circumstances leading up to the motion for a continuance were set forth. Such circumstances were set out substantially as follows: The arresting officer was contacted by telephone prior to the hearing of the appeal and he agreed to be present and testify for the State. At the hour set for the trial, the officer had not appeared. The trial attorney for the State, assuming that the officer would be present before the trial was concluded, offered to proceed with the trial on such assumption, but stated that if the officer did not appear, he would move for a continuance until the officer could be obtained as a witness. The affidavit states that the officer mistakenly assumed that the trial would be in the Capitol Building in Lincoln rather than the Dodge County courthouse in Fremont.

The officer drove to Lincoln and on discovery of his error immediately telephoned the courthouse in Fremont to find that the trial had been concluded. On the discovery of these facts, the State filed its motion for a new trial, attaching thereto the affidavit setting out the mistake resulting in the officer's nonappearance. No counter-showing was made by Metschke. The State contends that it was error for the trial court to overrule the motion for a new trial under these circumstances.

The affidavit in support of the motion for a new trial in this case was not offered in evidence in the hearing on the motion. It has long been the law of this state that affidavits in support of a motion for a new trial must be offered in evidence and preserved in and made a part of a bill of exceptions to be considered by this court. "This court will not review testimony in the form of affidavits used in the trial court on the hearing of a motion for a new trial unless such affidavits have been included in and presented by a bill of exceptions." Gray v. Godfrey, 43 Neb. 672, 62 N. W. 41. See, also, Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627; Everts v. School Dist. No. 16, 175 Neb. 310, 121 N. W. 2d 487; Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257.

We find nothing properly brought to the attention of this court on appeal that warrants a reversal of the judgment in this case. The evidence sustains the judgment and it is affirmed.

AFFIRMED.