LARRY E. DORAN, APPELLANT, v. LAWRENCE C. JOHNS, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

182 N. W. 2d 900

Filed January 22, 1971. No. 37622.

Leonard Dunker and Joseph H. Badami, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff was arrested on a charge of driving a motor vehicle while under the influence of alcoholic liquor. His license to operate a motor vehicle was revoked when defendant found that plaintiff had unlawfully refused to submit to a urine or blood test. On appeal to the district court, the petition of plaintiff was dismissed. We affirm the judgment of the district court.

The evidence of the arresting officer indicates that plaintiff was driving on the left side of the street centerline forcing the arresting officer driving in the opposite direction over to the curb, and stopping about 2 feet in front of the police cruiser. Plaintiff's speech was slurred; he had difficulty maintaining his balance; his eyes were droopy, bloodshot, and watery; and he had the odor of alcoholic liquor on his breath. He was informed that he was under arrest for driving while intoxicated. At the police station, the implied consent law was read to him; and he was twice requested to submit to a urine test and, on refusal, was twice re-

quested to submit to a blood test. This was likewise refused and when stopped from leaving the room, plaintiff struck the officer.

Plaintiff admits he was informed at the police station of the grounds for his arrest; that he was informed regarding the implied consent law; that he was requested to submit to urine and blood tests; and that he refused. He states he refused because he was taking medication for infected teeth and did not know what effect it would have on the requested tests; and that he requested permission to call a lawyer which was denied.

The arresting officer denied that plaintiff at any time mentioned taking medication or asked to call a lawyer.

It is undisputed that at the police station plaintiff talked to a lieutenant of police and stated "that he needed a break, that he was drunk but not that bad, and that he really needed a break." He was informed that the officer had no authority to give him a break.

The evidence is sufficient to sustain the judgment. Assuming the correctness of plaintiff's statements, they cannot help him. We said in Preston v. Johns, *ante* p. 14, 180 N. W. 2d 135, that: "The implied consent law does not sanction a qualified or conditional consent." Neither does it sanction a dissent on the ground that plaintiff has taken medicine which he feels could affect the results of the tests. In Rusho v. Johns, *ante* p. 131, 181 N. W. 2d 448, it is stated that: "A licensed driver's request for counsel when requested to submit to a chemical analysis to determine intoxication cannot be considered a basis for a holding that the driver did not in fact refuse to submit to the test." It was also stated that such action is not a deprivation of any constitutional right.

Section 60-420, R. R. S. 1943, provides that on appeal from the order of the Director of Motor Vehicles, the director shall furnish a transcript of the proceedings had before him and the appellant shall file it in the district court. In the present case, a transcript was fur-

nished and duly filed. It did not contain a transcript of the evidence but this was later placed in evidence by the State at the trial in the district court. The State did not seek to question the adequacy of plaintiff's transcript on appeal, but rather sought to amend what both parties appear to consider an incomplete transcript. Plaintiff has failed to point out how he was prejudiced by this procedure and we are unable to ascertain wherein he could have suffered prejudice.

The case of Prigge v. Johns, 184 Neb. 103, 165 N. W. 2d 559, is cited in support of the contention that the order of the director fails to contain a sufficient statement of his conclusions upon contested issues of fact. In the case before us, the director specifically found that the arresting officer had reasonable grounds to believe plaintiff was guilty of driving a motor vehicle while under the influence of intoxicating liquors, was arrested on that charge, was thereafter informed of the implied consent law, was requested to submit to a urine or blood test, and refused to do so. It was further found that no justification for such refusal appearing, such refusal was unreasonable. The findings of fact appear to cover all essential elements of the case. It is not required that the findings be so specifically made as to set out the items of evidence upon which they are based, only that they "consist of a concise statement of the conclusions upon each contested issue of fact." See § 84-915, R. R. S. 1943.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.