LARRY E. LEWIS, APPELLANT, v. DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA ET AL., APPELLEES.

217 N. W. 2d 177

Filed April 25, 1974. No. 39280.

Nelson, Harding, Marchetti, Leonard & Tate and Alan L. Plessman, for appellant.

Clarence A. H. Meyer, Attorney General, James J. Duggan, and Steven C. Smith, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from a judgment of the District Court affirming an order of the Nebraska State Department of Motor Vehicles revoking the driver's license of defendant for failure to comply with the provisions of the implied consent law. We affirm the judgment and order of the District Court.

A detailed review of the facts is unnecessary. The facts are undisputed, and the defendant concedes that after being stopped on March 18, 1973, at about 10:30 p.m., by two Lincoln police officers while driving his automobile in Lincoln, Nebraska, he refused to take an intoxication test under the implied consent law until he was given permission to speak to a lawyer. He was refused permission, no intoxication test was taken, and the Nebraska State Department of Motor Vehicles revoked his license for a period of 1 year for refusing to take the examination.

The contention of the defendant is that we should reexamine and overrule our opinion in Rusho v. Johns, 186 Neb. 131, 181 N. W. 2d 448 (1970), and subsequent cases holding invalid such a conditional or qualified refusal. In Rusho v. Johns, *supra,* the court said: "(I)t is plain from the record that Rusho refused to take the alcoholic test under the implied consent law until he had talked to his lawyer. This is not a reasonable ground for refusing to take the test. A conditional or qualified refusal to take a test to determine the alcoholic content of body fluids under the implied consent law is not sanctioned by the act and such refusal is a refusal to submit to the test within the meaning of the act." On November 9, 1973, this court reaffirmed the holdings

in Rusho v. Johns, *supra,* in Wiseman v. Sullivan, 190 Neb. 724, 211 N. W. 2d 906, wherein we said: "We have stated many times that a driver who has been arrested for operating a motor vehicle upon a public street or highway while under the influence of intoxicating liquor is not entitled under either the federal or state Constitutions or the implied consent statute to consult with a lawyer previous to giving a sample of blood, breath, or urine under the implied consent act, or to have a lawyer present during the giving of the sample. Rusho v. Johns, 186 Neb. 131, 181 N. W. 2d 448; Metschke v. Department of Motor Vehicles, 186 Neb. 197, 181 N. W. 2d 843; Doran v. Johns, 186 Neb. 321, 182 N. W. 2d 900. Neither is the right against self-incrimination involved. State v. Manley, 189 Neb. 415, 202 N. W. 2d 831.

"We have also said that a conditional or qualified refusal to take one of the authorized tests to determine the alcoholic content of body fluids under the implied consent law is not sanctioned by the act and such a refusal is a refusal to submit to the test within the meaning of the act. Preston v. Johns, 186 Neb. 14, 180 N. W. 2d 135; Rusho v. Johns, *supra.*"

These holdings completely dispose of the defendant's contention. There is neither any constitutional nor statutory basis for such a conditional refusal. We adhere to our recent decisions and holdings which are clear and need no further elaboration.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.