DONALD A. SEDERS v. EDWARD L. POWELL, COMMISSIONER OF DIVISION OF MOTOR VEHICLES

No. 7818SC228

(Filed 16 January 1979)

1. **Automobiles § 126.3— willful refusal to take breathalyzer test—elapse of time while waiting for attorney's call**

     The trial court properly found that petitioner "willfully" refused to submit to a breathalyzer test within the thirty minute period mandated by G.S. 20-16.2(a)(4) where petitioner was advised that he had a right to call an attorney and select a witness to view the test but that the test could not be delayed for a period in excess of thirty minutes, petitioner refused to take the

test until he talked with his attorney, and the time elapsed while petitioner was waiting for an attorney to return his call, it not being essential for the State to show that petitioner was made aware of the passage of time in order for his refusal to be willful.

2. **Automobiles § 126.4; Constitutional Law § 40— breathalyzer test—no constitutional right to counsel**

Petitioner had no Sixth Amendment right to confer with counsel prior to making a decision as to whether he would take a breathalyzer test.

3. **Automobiles § 126.3— breathalyzer test—thirty minute period to contact counsel—due process**

Petitioner's right to due process was not denied by the statute giving him a period of thirty minutes within which to contact an attorney before submitting to a breathalyzer test since any right to consult an attorney was solely a matter of statutory right, and the legislature was not required to permit an accused any time at all in which to attempt to contact an attorney prior to taking the breathalyzer test. G.S. 20-16.2(a)(4).

APPEAL by plaintiff from *Lupton, Judge.* Judgment entered 26 September 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 29 November 1978.

This is a civil action challenging the revocation of plaintiff's driving privileges for willfully refusing to submit to a breathalyzer test in violation of G.S. § 20-16.2. Upon receiving an order of revocation from the Division of Motor Vehicles, the plaintiff requested and was granted an administrative review by a hearing officer of the Division of Motor Vehicles. From an order sustaining the action of the Division of Motor Vehicles, plaintiff appealed to the Superior Court for a *de novo* hearing. The evidence adduced at the hearing in Superior Court tended to show the following:

On 7 September 1975, Donald Seders had a few drinks while watching a football game at a friend's house. As he was driving home around 3:00 p.m., his car slid on the road and he was stopped by State Trooper Philip R. Wadsworth. Trooper Wadsworth smelled "a strong odor of alcohol about the defendant" and placed him under arrest for driving while intoxicated at 3:05 p.m. Trooper Wadsworth then took Seders to Greensboro in order to have a breathalyzer test. At 3:30 p.m., State Trooper R. D. Jacobs, who was on duty at the breathalyzer room, read Seders his "breathalyzer rights" in accordance with G.S. § 20-16.2(a), including the following: "You have the right to call an attorney and

Seders v. Powell, Comr. of Motor Vehicles

select a witness to view for you the testing procedures, but the test shall not be delayed for this purpose for a period in excess of thirty minutes from the time you are notified of your rights." After being read these rights, Mr. Seders unsuccessfully attempted to call several lawyers. He was, however, able to get in touch with the wife of a lawyer whom he knew, and she assured him that she would get her husband to call him back. Seders was requested to take the breathalyzer test three times, but he refused each time and informed Trooper Jacobs that he was not going to take it until he had talked with his attorney. At 4:01 p.m. Trooper Jacobs wrote up Seders as having refused to take the test and dismantled the breathalyzer machine. About ten minutes later, Seders received a telephone call. After completing the call, he informed Trooper Jacobs that he had consulted with his lawyer and was ready to take the test. Trooper Jacobs informed Seders that he had dismantled the machine and refused to administer the test to him.

After hearing the evidence, the judge found that "the plaintiff, without just cause or excuse, voluntarily, understandingly and intentionally refused to submit to the breathalyzer test within the time mandated by G.S. 20-16.2(a)(4)" and entered an order affirming the revocation order. Plaintiff appealed.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Charles A. Lloyd, for the plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the State.*

HEDRICK, Judge.

[1] By assignment of error number one, plaintiff contends that the evidence is insufficient to support the trial court's finding that the plaintiff willfully refused to submit to the breathalyzer test. Plaintiff argues that his refusal to take the test cannot be considered willful because it resulted not from any intentional act on his part but rather as a result of his accidentally allowing the thirty minute period to elapse while waiting for his attorney to contact him. Plaintiff argues that it is essential for the State to show that he was made aware of the passage of time in order for his refusal to be willful. We disagree.

In *Creech v. Alexander*, 32 N.C. App. 139, 143, 231 S.E. 2d 36, 38, *cert. denied*, 293 N.C. 589, 239 S.E. 2d 263 (1977), a case that is factually similar to the present one, the court held:

> Once the breathalyzer operator fully informed petitioner of his rights with regard to the breath test, there certainly was no obligation upon him to remind petitioner of the effect of his refusal to submit to the test. Petitioner's delay in taking the test, after being advised of the effect of his refusal, was at his own peril.

This assignment of error has no merit.

[2] Plaintiff next contends that in addition to the statutory right "to call an attorney" granted by G.S. § 20-16.2(a)(4), he has a constitutional right granted by the Sixth Amendment to confer with counsel prior to making a decision as to whether he would take the breathalyzer test, and that in the present case he was denied a reasonable opportunity to consult with counsel prior to making his decision.

Plaintiff has no right to counsel under the Federal Constitution in this situation. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966); *accord, Price v. North Carolina Department of Motor Vehicles*, 36 N.C. App. 698, 245 S.E. 2d 518 (1978). With virtual unanimity, courts of other states that have confronted this question have held that an individual has no right to counsel before deciding whether to submit to a breathalyzer test because the resulting proceedings for the suspension of a driver's license are civil or administrative in nature, rather than criminal, *e.g., Goodman v. Orr*, 19 Cal. App. 3d 845, 97 Cal. Rptr. 226 (1971); *State v. Palmer*, 291 Minn. 302, 191 N.W. 2d 188 (1971); *Lewis v. Nebraska State Dept. of Motor Vehicles*, 191 Neb. 704, 217 N.W. 2d 177 (1974); *Capretta v. Motor Vehicles Division*, 29 Or. App. 241, 562 P. 2d 1236 (1977), or because the driver is deemed to have consented to the test when he operates a motor vehicle on the State's highways, *e.g., State v. Allen*, 14 N.C. App. 485, 188 S.E. 2d 568 (1972); *Deaner v. Commonwealth*, 210 Va. 285, 170 S.E. 2d 199 (1969). This assignment of error has no merit.

[3] Finally, plaintiff argues that requiring him to submit to the breathalyzer test "within exactly thirty minutes of the time he was warned of his statutory rights constituted a violation of [his]

rights to due process of law in that such a time limitation is irrational and arbitrary."

In the present case, however, the plaintiff has no constitutional right to the assistance of counsel prior to deciding whether to submit to the breathalyzer test. Any right to consult with an attorney is therefore solely a matter of statutory right. As the legislature is not required to permit an accused any time at all in which to attempt to contact an attorney prior to taking the test, we fail to see how a statute granting an accused thirty minutes to "call an attorney" can violate plaintiff's due process rights. We further reject any implication in *Price v. North Carolina Department of Motor Vehicles, supra,* that a person would have more than thirty minutes in which to telephone his attorney. We think the statute clearly expresses the legislative intent to place a thirty minute limitation on the time that a breathalyzer test may be delayed while an individual telephones his attorney. Plaintiff, in this case, had no right to delay the test in excess of thirty minutes while waiting for his attorney to return his call. His declination to take the breathalyzer test was thus a willful refusal under G.S. 20-16.2.

For these reasons, the decision of the trial court in upholding the revocation of plaintiff's driving privileges is affirmed.

Affirmed.

Judges VAUGHN and ARNOLD concur.