Etheridge v. Peters, Comr. of Motor Vehicles

GARY D. ETHERIDGE Petitioner v. ELBERT L. PETERS, JR., Commissioner, Division of Motor Vehicles, Respondent

No. 793SC580

(Filed 4 March 1980)

1. **Automobiles § 126.3— breathalyzer test—thirty minute time limit**

The thirty minute time limit for submitting to a breathalyzer test referred to in G.S. 20-16.2(a)(4) is absolute, and a person accused of driving under the influence has no right to delay the test in excess of thirty minutes while waiting for his attorney to arrive or to return his call.

2. **Automobiles § 126.3— breathalyzer test—no constitutional right to consult attorney or refuse test**

A person enjoys no constitutional right to confer with counsel before deciding whether to submit to a breathalyzer test, and the State is not constitutionally required to give an accused an option to refuse the test.

3. **Automobiles § 126.3— willful refusal to take breathalyzer test—elapse of time while awaiting attorney**

Petitioner willfully refused to submit to a breathalyzer test where the court found that petitioner was advised of his rights under G.S. 20-16.2(a); petitioner indicated to the breathalyzer operator that he would like to contact an attorney or have an attorney present during the test; petitioner called an attorney's home and left a message for the attorney to come to the breathalyzer room; the breathalyzer operator offered the test to defendant at the end of a twenty minute waiting period and again at the end of the thirty minute waiting period; petitioner's attorney arrived within two to four minutes after the thirty minute period expired; and petitioner, upon the advice of his attorney, indicated a willingness to take the test approximately five minutes after the thirty minute period expired, but the operator refused to administer the test at that time.

Judge CLARK concurring.

Judge VAUGHN dissenting.

APPEAL by respondent from *Rouse, Judge*. Judgment entered 4 April 1979 in Superior Court, CRAVEN County. Heard in the Court of Appeals on 17 January 1980.

On 18 March 1978 petitioner was driving his automobile near Carolina Pines on U.S. 70 in Craven County when he was stopped and arrested for operating a motor vehicle while under the influence of an intoxicating beverage. He was taken by Trooper Larry DuBose to the Craven County Sheriff's Department and requested by Trooper DuBose to submit to a chemical test of breath

for the purpose of determining the alcoholic content of his blood. Trooper Johnny Brown, a duly licensed breathalyzer operator, was present to administer the test. After thirty minutes had passed and petitioner had not taken the test, Trooper Brown disassembled the breathalyzer machine and recorded the test results as a refusal by petitioner to submit to the test. Thereafter, by letter dated 19 May 1978, the Division of Motor Vehicles advised petitioner that, pursuant to G.S. § 20-16.2, his driver's license was being revoked for a period of six months beginning 29 May 1978.

Petitioner thereupon sought and obtained on 25 May 1978 an Order restraining the Division from revoking his license until the matter was determined *de novo* in Superior Court, pursuant to G.S. § 20-16.2(e). He then petitioned the court to permanently restrain the Division from revoking his driving privileges, and the matter was heard before Judge Rouse on 9 October 1978. After the hearing Judge Rouse made detailed findings of fact and concluded that petitioner had not willfully refused to take the test. He ordered the Division to rescind its action in revoking the petitioner's license. Respondent appealed.

*Beaman, Kellum, Mills & Kafer, by David P. Voerman, for the petitioner appellee.*

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Assistant Attorneys General William B. Ray and Mary I. Murrill, for the respondent appellant.*

HEDRICK, Judge.

G.S. § 20-16.2 in pertinent part provides:

*Mandatory revocation of license in event of refusal to submit to chemical tests; right of driver to request test.* — (a) Any person who drives or operates a motor vehicle upon any highway or any public vehicular area shall be deemed to have given consent, . . . to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or operating a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at

the request of a law-enforcement officer having reasonable grounds to believe the person to have been driving or operating a motor vehicle on a highway or public vehicular area while under the influence of intoxicating liquor. The law-enforcement officer shall designate which of the aforesaid tests shall be administered. The person arrested shall forthwith be taken before a person authorized to administer a chemical test and this person shall inform the person arrested both verbally and in writing and shall furnish the person a signed document setting out:

(1) That he has a right to refuse to take the test;

(2) That refusal to take the test will result in revocation of his driving privilege for six months;

(3) That he may have a physician, qualified technician, chemist, registered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of the law-enforcement officer; and

(4) That he has the right to call an attorney and select a witness to view for him the testing procedures; *but that the test shall not be delayed for this purpose for a period in excess of 30 minutes from the time he is notified of his rights.*

.    .    .

(c) The arresting officer, in the presence of the person authorized to administer a chemical test, shall request that the person arrested submit to a test described in subsection (a). If the person arrested willfully refuses to submit to the chemical test designated by the arresting officer, none shall be given. However, upon the receipt of a sworn report of the arresting officer and the person authorized to administer a chemical test that the person arrested, after being advised of his rights as set forth in subsection (a), willfully refused to submit to the test upon the request of the officer, the Division shall revoke the driving privilege of the person arrested for a period of six months.

[Emphasis added.]

In *Seders v. Powell*, 298 N.C. 453, 259 S.E. 2d 544 (1979), a similar case involving facts virtually identical to those in the case at bar, our Supreme Court, in affirming the decision of this Court reported at 39 N.C. App. 491, 250 S.E. 2d 690 (1979), enunciated the following principles with respect to G.S. § 20-16.2:

[1] The thirty-minute time limit referred to in G.S. § 20-16.2(a) (4) is absolute, and a person accused under the statute has no right to delay the test in excess of thirty minutes while waiting for his attorney to arrive or to return his call. [*See also State v. Lloyd*, 33 N.C. App. 370, 235 S.E. 2d 281 (1977).] Thus, a person who delays taking the test for more than thirty minutes in order to await an attorney runs the risk of having to face the consequences when the clock stops: that is, his failure to submit to the test will be recorded on the officer's report as a refusal. With respect to such a failure, the *Seders* Court stated: "Plaintiff's action constituted a conscious choice purposefully made and *his omission to comply with this requirement of our motor vehicle law amounts to a willful refusal.*" *Seders v. Powell, supra* at 461, 259 S.E. 2d at 550 [Citations omitted.] [Our emphasis.]

[2] The *Seders* decision further established beyond question that a person enjoys no constitutional right to confer with counsel before deciding whether to submit to the breathalyzer test. Moreover, it has been held that the State is not constitutionally required to give an accused an option to refuse the test. That is, the State can require that the test be administered without any delay or process other than reasonable grounds to believe the driver has violated the law. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966). Clearly, then, allowing the driver thirty minutes time to decide whether to submit to the test, while providing that he is deemed to have refused at the expiration of the thirty minutes, is a constitutionally sound principle.

In the present case, the trial court made the following unchallenged findings of fact:

### FINDINGS OF FACT

. . .

4. Petitioner was arrested upon reasonable grounds at 8:45 p.m. on March 18, 1979 [sic] by Trooper Larry DuBose of

the North Carolina Highway Patrol in Craven County and charged with the offense of driving under the influence of intoxicating liquor.

5. That the petitioner was forthwith taken before Trooper Johnnie [sic] W. Brown of the North Carolina State Highway Patrol, a duly licensed and qualified breathalyzer operator, and in the presence of Trooper Brown, the petitioner was requested by Trooper DuBose to submit to a chemical test of breath.

6. That Trooper Brown informed the petitioner verbally and in writing, furnished a signed document setting out all of the petitioner's rights pertaining to the breathalyzer test under the provisions of G.S. 20-16.2(a). Trooper Brown completed reading the rights form to the petitioner at 9:19 p.m.

7. Petitioner . . . indicated to Trooper Brown that he would like to contact an attorney or have an attorney present during the test.

8. Prior to and after being advised of his rights with respect to the breathalyzer test, petitioner made calls from the telephone located within the Magistrate's Office in New Bern, North Carolina, in an attempt to contact an attorney.

. . .

10. Petitioner eventually called the home of Mr. Lamar Sledge, an attorney practicing law in New Bern, North Carolina. Mr. Sledge was not at home so a message was left. Mr. Sledge received the message when he returned home.

11. Upon being advised that he had received a call from someone at the Magistrate's office, Mr. Sledge contacted the Magistrate's office and was told that a person named Etheridge had asked for him to come to the Magistrate's office and that Mr. Etheridge had been charged with driving under the influence. Mr. Sledge immediately proceeded to the breathalyzer room.

12. Trooper Brown offered the breathalyzer test to petitioner at the conclusion of the required 20-minute waiting period and at the end of the 30-minute waiting period.

13. At the end of the 30-minute period Officer Brown proceeded to disassemble the breathalyzer machine. Within two to four minutes after the 30-minute period expired Mr. Sledge arrived. The officer had not completed the process of disassembling the breathalyzer machine. He was in the process of taking the ampules out when the attorney arrived.

14. Mr. Sledge asked to speak with petitioner. Officer[s] DuBose and Brown were there and indicated he could talk with the petitioner. . . .

15. Within two or three minutes after he arrived petitioner, upon advice of Mr. Sledge, indicated a willingness to take the test.

16. Officer Brown refused to administer the test at that time. This was approximately thirty-five minutes after the petitioner was advised of his rights with respect to the breathalyzer test.

17. Trooper Brown recorded the test results as a refusal on the part of the petitioner.

18. Petitioner's request to take the test was made within five minutes of the expiration of the 30-minute period, and was made immediately after consultation with his attorney.

By exceptions numbers 2 and 4, respondent attacks the following finding and conclusion:

19. Petitioner did not at any time refuse to take the test. [Finding of Fact.]

3. Petitioner herein, Mr. Gary D. Etheridge, did not willfully refuse to submit to a breathalyzer test. [Conclusion of Law.]

[3] Regardless of the label, the holding of the trial judge that the petitioner did not willfully refuse to take the breathalyzer test under the circumstances of this case is an erroneous conclusion. The unchallenged findings of fact when viewed in light of the controlling principles enunciated by Justice Carlton in *Seders*, dictate the conclusion that petitioner did willfully refuse to take the breathalyzer test within the meaning of the statute. He was informed of his rights, and he consciously chose to run the risk of

waiting too long. As stated in *Seders*, such action amounts to a willful refusal.

For the reasons stated, the judgment of the Superior Court must be reversed. The cause is remanded to that court for the entry of an order based on the unchallenged findings of fact concluding that the petitioner willfully refused to take the breathalyzer test within the meaning of G.S. § 20-16.2, and reinstating the Order of the Division of Motor Vehicles revoking petitioner's license.

Reversed and remanded.

Judge CLARK concurs.

Judge VAUGHN dissents.

Judge CLARK concurring.

The ruling and language in the case *sub judice* and the *Seders* case should not be interpreted as meaning that, as a matter of law, there was a *willful refusal* to submit to the chemical test because of an omission or failure to do so within or immediately after the thirty-minute period. The State has the burden of proving that such omission or failure constituted a willful refusal.

In *Seders* the evidence supported the findings of fact which in turn supported the conclusion that the driver willfully refused to take the test.

In the case *sub judice*, the evidence supported the findings of fact, but the findings of fact did not support the conclusion that there was no willful refusal. There were some contradictions in the evidence, which placed on the trial court the duty of resolving these contradictions by finding facts. Petitioner testified that he was relying on the clock in the magistrate's office, that there was a discrepancy between the patrolman's watch and the clock, and that he did not know the thirty-minute period had expired when he agreed to take the test. In my opinion this evidence would have supported a finding by the trial court that the time period had not expired, or that though it had expired the defendant in

Etheridge v. Peters, Comr. of Motor Vehicles

good faith did not know the time period had expired when he agreed to take the test. Such finding would support the conclusion by the court that there was no willful refusal. Instead, the court made findings which negated petitioner's evidence and established "a conscious choice purposefully made" (quoting from *Seders*) and thus erred in concluding that there was no willful refusal.

*Willful refusal* is a necessary requirement under G.S. § 20-16.2(c), and the trial court has the duty of judicially determining this question. *See Joyner v. Garrett, Comr. of Motor Vehicles,* 279 N.C. 226, 182 S.E. 2d 553 (1971).

Judge VAUGHN dissenting.

In every case of this nature at least two things will have taken place. A suspect under arrest will have been offered the test and thirty minutes will have passed without it having been administered. These are the only circumstances in this case that mirror those in *Seders*. There, although the suspect denied that he knew his time had started to run, the trooper testified, " 'I requested Mr. Seders to take the breath test and in fact requested him three times but Mr. Seders refused to take the test and said he was *not* going to take the test until he talked with his lawyer.' " 298 N.C. at 455, 259 S.E. 2d at 546. Based on this and other testimony, the trial judge found that plaintiff wilfully refused to submit to the test. On appeal plaintiff contended that the facts presented to the trial court were insufficient to support its determination that the refusal was wilful. Crucially missing, he argued, is any evidence that he had knowledge that his time was running while he was waiting for his attorney to return his call. The Supreme Court disagreed and noted that the trooper testified that "he warned plaintiff on three occasions that his time was running out and told plaintiff how many minutes he had remaining." *Id.* at 461, 259 S.E. 2d at 549. The Court then affirmed the trial court by applying the following familiar rule. "The findings of the trial court are conclusive on appeal if there is evidence to support them. This is true even though the evidence might sustain findings to the contrary." *Id.* at 460-61, 259 S.E. 2d at 549 (citations omitted). The Court then went on to dispose of other issues that are not raised in the case before us. For example, plaintiff here, unlike the one in *Seders*, does not contend that

he had a *right* to delay the test beyond thirty minutes, that he had a constitutional right to counsel before taking the test or that the thirty minute limit is so unreasonable as to be in violation of due process. The Court in *Seders* surely did not hold that a mere showing that a conscious suspect did not take the test within thirty minutes of the time it was properly offered precludes the judge of the facts from finding or failing to find a wilful refusal. To the contrary, it merely affirmed the long-standing rule in this State that it is the exclusive function of the trial judge to make that determination and that his determination is conclusive if there is evidence before him to support that determination.

The burden of proof was on the State to persuade the trier of the facts that plaintiff *wilfully refused* to submit to the test. It failed to carry that burden. Even if the burden of proof had been on plaintiff to *disprove* a wilful refusal, he offered evidence from which the trial judge could and properly did conclude that he had met that burden. The finding supports the judgment. The judge is not required to find and recite every evidentiary fact. He needs to find only the ultimate facts. In my opinion he has done so. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975); *Peoples v. Peoples*, 10 N.C. App. 402, 179 S.E. 2d 138 (1971).

The court's seventh finding of fact is as follows, "Petitioner did not decline to take the test but indicated to Trooper Brown that he would like to contact an attorney or have an attorney present during the test." There is ample evidence to support that finding as well as the others made by the court. Plaintiff's evidence tends to show the following. He was well aware of the six month automatic license suspension penalty for refusing to take the test. He wanted to take the test to avoid that penalty. He did not refuse to take the test and did not intend to do so. He was in a strange town and wanted to first talk with an attorney. He did not have a watch and there was not a clock in the breathalyzer room. The trooper told him when he had used twenty minutes but did not thereafter advise him or his attorney that his time was about to expire. He did not learn that his time was about to expire until he asked the trooper to administer the test. He relied on a clock in the magistrate's office from where he was trying to telephone an attorney. There was a discrepancy between the time on that clock and the trooper's watch. The evidence raised a pure question of credibility which he resolved in

favor of plaintiff by finding that he did not at any time decline to take the test. I note also that the court found that the test was offered at the end of the thirty-minute period. Significantly, however, he did not find that the trooper advised plaintiff at that time that his time was about to expire although the trooper so testified. My vote is to affirm the judgment of the trial court.

I would also like to suggest that the purpose of the statute is to gather evidence on the degree of a suspect's intoxication in as many cases as possible. It was not intended as a snare for the summary revocation of licenses. I do not suggest that the time should be extended for even one second when the accused is obviously procrastinating. On the other hand, sound judgment should be exercised with the goal being to get the evidence if it is reasonably possible.