WAYLAND J. SERMONS v. ELBERT L. PETERS, JR., COMMISSIONER
OF MOTOR VEHICLES

No. 802SC646

(Filed 3 March 1981)

**Automobiles § 126.4– willful refusal to submit to breathalyzer test**

The trial court erred in concluding that petitioner did not willfully
refuse to submit to a breathalyzer test where petitioner was told that he
would automatically lose his license for six months if he refused to take the
breathalyzer test; petitioner was then afforded all his rights as provided by
G.S. 20-16.2(a), and he consciously and purposely declined the request to take
the test; and petitioner's testimony that he refused to take the test because
he was planning to plead guilty to the offense of driving under the influence
and to seek a limited driving privilege and that, had he known his refusal to
take the test would operate to revoke the limited driving privilege for a
period of six months, he would have taken the test was irrelevant to the
question as to whether petitioner willfully refused to submit to a breathalyz-
er test.

APPEAL by respondent from *Barefoot, Judge.* Judgment en-
tered 12 May 1980 in Superior Court, BEAUFORT County. Heard
in the Court of Appeals 3 February 1981.

On 26 May 1979 petitioner was arrested for operating a
motor vehicle while under the influence of intoxicating liquor.
He was taken by State Highway Patrol Trooper T.G. Miller to
the Beaufort County Sheriff's Department and was requested
by Trooper Miller to submit to a breathalyzer test for the pur-
pose of determining the alcoholic content of his blood.

Sergeant J.D. Leitschuh, a duly licensed breathalyzer oper-
ator, was present to administer the test. After the breathalyzer
machine was readied, Sergeant Leitschuh asked the petitioner
if he was ready to take the test. Petitioner inquired in a joking
manner, "Do I really have to?" He was told that he did not have
to, but if he refused, he would automatically lose his license for
six months. Petitioner replied, "Well, I don't want to take it
then." Petitioner testified that when he refused to take the test,
he was planning to plead guilty to the offense of driving under
the influence and to seek a limited driving privilege. Petitioner
also testified that if he had known that his refusal to take the
test would operate to revoke the limited driving privilege for a
period of six months, he would have taken the test. Petitioner

also refused to sign the form acknowledging that he had been informed of his rights regarding the breathalyzer test.

At the trial on the driving under the influence charge, the court issued petitioner a limited driving privilege which was subject to any present or future revocation thereof by the Department of Motor Vehicles. On 7 August 1979 the Commissioner of Motor Vehicles notified petitioner that his driving privileges were being revoked for six months for wilfully violating N.C. Gen. Stat. § 20-16.2. After the revocation order was sustained at an administrative hearing, petitioner sought and obtained an order restraining the Division of Motor Vehicles from revoking his license until a judicial determination could be made as to the refusal or non-refusal of petitioner to submit to a breathalyzer test. The matter was heard before Judge Barefoot who made the following findings of fact:

4. That on the night of the petitioner's arrest, he was advised that if he did not take the test he would lose his operators license for six months and petitioner informed the arresting officer that he would plead guilty in the District Court and seek to obtain a limited driving privilege due to the fact that he had never had a prior conviction of driving under the influence, nor had he been charged with such offense.

5. The petitioner was not aware that a refusal to submit to a breathalyzer test would result in his disqualification for a limited driving privilege and was not advised that the breathalyzer test would have any adverse effect upon his ability to obtain a limited privilege.

6. That had the petitioner been aware that his failure to take the breathalyzer test would result in the loss of his right to obtain a limited driving privilege, he would have submitted to the breathalyzer test.

7. That the petitioner refused to sign the Form HP332A with reference to his rights regarding the breathalyzer.

Based on these findings, the court concluded:

1. That the failure of the petitioner to sign HP332A form with reference to his rights concerning the breathalyzer is some evidence that the petitioner did not fully

understand his rights regarding the breathalyzer test and the absolute effect of a refusal to take the test.

2. That the petitioner advised the arresting officer that he would plead guilty to the driving under the influence charge and request a limited driving privilege and petitioner was not advised that his refusal to take the test would have an adverse effect upon his ability to obtain a limited driving privilege.

3. That the petitioner's refusal to submit to the breathalyzer test was not a willful refusal. Therefore, the order of the Department of Motor Vehicles revoking the petitioner's license for six months is rescinded.

Respondent appealed.

*James R. Vosburgh, for the petitioner-appellee.*

*Attorney General Edmisten by Associate Attorney General Jane P. Gray, for the respondent-appellant.*

MARTIN (Robert M.), Judge.

The sole question raised on this appeal is whether the court below was correct in concluding that the petitioner did not wilfully refuse to submit to a breathalyzer test.

"Refusal" is defined as "the declination of a request or demand, or the omission to comply with some requirement of law, as the result of a positive intention to disobey." *Joyner v. Garrett, Comr. of Motor Vehicles,* 279 N.C. 226, 233, 182 S.E. 2d 553, 558, *rehearing denied,* 279 N.C. 397 (1971), quoting Black's Law Dictionary (4th Ed. 1951); *Etheridge v. Peters, Comr. of Motor Vehicles,* 45 N.C. App. 358, 263 S.E. 2d 308 (1980), *affirmed* 301 N.C. 76 (1980). "Willful" is defined as "voluntary; intentional." Black's Law Dictionary 1434 (5th ed. 1979). The term "wilful refusal" embraces "the concept of a conscious choice purposely made." *Joyner v. Garrett, supra* at 233, 182 S.E. 2d at 558.

The suspension of petitioner's driver's license is no part of the punishment for operating under the influence. The proceeding is civil and not criminal in nature. "Wilful refusal" is a necessary requirement under N.C. Gen. Stat. § 20-16.2(c) and the trial court has the duty of judicially determining this question. It was not incumbent upon the officers to explain the

statutory rights relative to the granting of a limited driving privilege upon conviction of the offense charged. Whether or not the petitioner would have taken the breathalyzer test had he been aware of the law is irrelevant.

Petitioner's testimony indicated he was told that he would automatically lose his license for six months if he refused to take the breathalyzer test. The evidence shows that he was then afforded all his rights as provided by N.C. Gen. Stat. § 20-16.2(a), and he "consciously and purposely" declined the request to take the test. *Joyner v. Garrett, supra.* Moreover, the trial court's findings of fact dictate the conclusion that petitioner wilfully refused to take the breathalyzer test within the meaning of the statute.

Thus, the conclusion of the trial judge that the petitioner did not wilfully refuse to take the breathalyzer test is not supported by the evidence or by his findings of fact. It is an erroneous conclusion which must be reversed. The cause is remanded to the Superior Court for the entry of an order concluding that the petitioner is subject to the revocation of his operator's license pursuant to N.C. Gen. Stat. § 20-16.2 and reinstating the revocation order of the Division of Motor Vehicles.

Reversed and remanded.

Judges HEDRICK and CLARK concur.