# HOFF v. STATE OF FLORIDA
## Case No. CJAP 81-61
Ninth Judicial Circuit, Orange County
April 7, 1983

### APPEARANCES OF COUNSEL

**Edward R. Kirkland** for appellant.

State Attorney's Office for appellee.

### OPINION OF THE COURT

TED P. COLEMAN, Circuit Judge.

### *ORDER AND OPINION*

Appellant was convicted in the trial court of driving a motor vehicle while under the influence of intoxicating beverages.

The sole point raised on appeal is whether the Appellant was entitled to consult with an attorney before being required to indicate whether he would consent to a breathalyzer test.

It is clearly established that one charged with a crime is entitled to assistance of counsel at every "critical stage" in the proceedings against him. See *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 19 L.Ed. 3d 1149 (1967). The question to be determined in the instant case is whether a criminal defendant, faced with taking a breathalyzer test, is in such a "critical stage". In *Wade* the Court found that a post-indictment lineup was a critical stage but distinguished such a lineup—for Sixth Amendment purposes—from various other preparatory steps, such as "systematized or scientific analyzing of the accused's fingerprints, blood sample, clothing, hair, and the like. In making this distinction the Court said:

"We think there are differences which preclude such stages being characterized as critical stages at which the accused has the right to the presence of his counsel. Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at the trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. The denial of a right to have his counsel present at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial. (338 U.S. at p. 227–228, 87 S. Ct. at p. 1932–1933)"

Although this Court is not aware of any specific ruling on this point by our appellate courts, the appellate courts of other states have found that one is not entitled to advice of counsel before being required to take a breathalyzer test. See *Campbell v. Superior Court of Arizona*, 106 Ariz. 542, 479 p. 2d 685 (Arizona Sup. Ct. 1971); *Calvert v. State*, 519 p. 2d 341 (Colorado Sup. Ct. 1974); *People v. Mulack*, 40 Ill. 2d 429, 240 N.E.2d 633 (Illinois Sup. Ct. 1968); *Holmberg v. 54-A Judicial District Judge*, 60 Mich. App. 757, 231 N.W. 2d 543 (Michigan Ct. of Appeals, Div. 2, 1975); *Louis v. Nebraska State Department of Motor Vehicles*, 191 Neb. 704, 217 N.W. 2d 177 (Nebraska Sup. Ct. 1974).

This Court is not persuaded that F. S. 901.24 requires that one be permitted to consult with an attorney prior to taking a breathalyzer test, notwithstanding the existence of a law in that state quite similar

to the cited Florida statute. See *State v. Neitzel,* 94 Wis. 2d 191, 289 N.W. 2d 828 (Wisconsin Sup. Ct. 1980).

This Court is persuaded that the more prevalent and more reasonable view of this issue is that one is not entitled to confer with counsel prior to being subjected to a breathalyzer test and does so hold.

Accordingly, the judgment and sentence appealed from is hereby affirmed.

No petition for rehearing shall be entertained. The Clerk is directed to issue Mandate forthwith.